IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JOHN E. HEAVENER,

    **Petitioner,**

v.                                            Case No. 24-CV-105-RAW-JAR

RANDY HARDING,

    **Respondent.**

## OPINION AND ORDER

Petitioner John E. Heavener ("Petitioner"), a state prisoner appearing *pro se*,[1] brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of LeFlore County, Case No. CF-2000-340 ("Petition"). Dkt. No. 1. Respondent Randy Harding ("Respondent") moved to dismiss the Petition for Writ of Habeas Corpus, contending Petitioner failed to initiate the action within the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1) and, in the alternative, that Petitioner failed to exhaust available state remedies prior to filing the Petition, in contravention of 28 U.S.C. § 2254(b)(1)(A).[2] Dkt. Nos. 9, 10. Petitioner did not submit a Response addressing the merits of Respondent's Motion to Dismiss.[3] As discussed herein, the court grants Respondent's Pre-Answer Motion to

---

[1] Because Petitioner appears without counsel, the court must liberally construe his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the rule of liberal construction neither requires nor permits the court to act as an advocate on his behalf by crafting legal arguments or scouring the record for facts to support his claims. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[2] Because the court finds that the Petition is untimely, the court does not reach Respondent's alternative argument for dismissal.

[3] On May 17, 2024, and May 20, 2024, Petitioner filed a motion and an amended motion requesting that the court "dismiss all charges . . . d[ue] to the fact that the respondent failed to comply or object to the Court's order[]" of April 4, 2024, within the time prescribed. Dkt. Nos. 11, 12. In its April 4, 2024, Order, the court directed Respondent to show cause within thirty (30) days, "why

Dismiss.

I.  **Background**

On June 1, 2001, Petitioner entered a plea of guilty in the District Court of LeFlore County, Case No. CF-2000-340, to one count of shooting with intent to kill. Dkt. Nos. 10-2, 10-3. The state district court pronounced judgment that same date, June 1, 2001, and sentenced Petitioner to "life to run concurrently with CF-01-421[.]" Dkt. No. 10-3, at 1. Petitioner did not move to withdraw his plea within ten (10) days of sentencing, a precondition to seeking direct review of his conviction and sentence through a *certiorari* appeal with the Oklahoma Court of Criminal Appeals ("OCCA"). *See Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012).

Petitioner incorrectly filed a belated Notice of Intent to Appeal. Dkt. No. 10-4. However, no appeal was lodged because Petitioner failed to properly file the Notice of Intent to Appeal. Dkt. No. 10-1 at 5 ("this appeal was filed incorrectly by the dft"). On September 7, 2001, Petitioner filed a Request for Sentence Modification, which the state district court denied on October 30, 2001. Dkt. Nos. 10-5, 10-10. Petitioner then filed a second Motion for Sentence Modification on May 21, 2002, which the state district court denied on July 24, 2022. Dkt. Nos. 10-11, 10-14. In 2004 and 2010, Petitioner filed letters with the state district court informally requesting a modification for his sentence. *See* Dkt. Nos. 10-15, 10-17.

On June 7, 2021, Petitioner filed an Application for Post-Conviction Relief Based on Exclusive Federal Jurisdiction. Dkt. No. 10-18. Petitioner then filed an Application for Post-Conviction Relief and Request for Recommendation of Appeal Out of Time on January 10, 2023.

---

the writ should not issue" in this matter. Dkt. No. 6. Thirty (30) days from April 4, 2024, was Saturday, May 4, 2024. Because Respondent's deadline fell on a Saturday, Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure afforded Respondent until the following Monday, May 6, 2024, to respond to the court's Show Cause Order. Respondent timely submitted his Motion to Dismiss on that date. Dkt. Nos. 9, 10. Thus, Petitioner's Motions [Dkt. Nos. 11, 12] are denied.

Dkt. No. 10-21. On February 6, 2023, relying on *State ex rel. v. Wallace,* 497 P.3d 686 (Okla. Crim. App. 2021), the state district court filed an Order denying Petitioner's June 7, 2021, Application, finding *McGirt v. Oklahoma,* 591 U.S. 894 (2020) did not apply retroactively to Petitioner's case. Dkt. No. 10-22. Petitioner filed another Application for Post-Conviction Relief (Request for Recommendation of Appeal Out of Time) on May 1, 2023. Dkt. No. 10-23. On May 9, 2023, the state district court denied Petitioner's January 10, 2023, and May 1, 2023, Applications requesting a direct appeal out of time, noting Petitioner failed to request a direct appeal out of time in his June 7, 2021, Application. Dkt. No. 10-24. On May 23, 2023, Petitioner filed a Notice of Post-Conviction Appeal from the state district court's May 9, 2023, Order. Dkt. No. 10-25. Petitioner, however, failed to perfect a post-conviction appeal.

On March 12, 2024, Petitioner filed the instant federal habeas action. Dkt. No. 1. The basis of Petitioner's habeas action is: "newly discovered evidence state-courts lack the jurisdiction to prosecute on tribal lands is violations of federal laws, due process rights." Dkt. No. 1 at 5. Petitioner states that he is a "citizen-perm[a]nent resident of the Cherokee Nation Reservation, which is federally restricted land[]." *Id.* at 6. Respondent contends the Petition must be dismissed due to the expiration of the limitations period governing Petitioner's action.

**II.     Analysis**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D).  *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

   A. The Applicable Limitations Period

As noted, Petitioner seek habeas relief on the basis of "newly discovered evidence [that] state-courts lack the jurisdiction to prosecute on tribal lands[.]"  Dkt. No. 1, at 5.  To the extent Petitioner may be arguing, for purposes of 28 U.S.C. § 2244(d)(1)(D), that the factual predicate of his claim could not have been discovered prior to the *McGirt* decision or its progeny, the argument fails.  Applying the United States Supreme Court's holding in *McGirt*, the OCCA held in 2021 that the Cherokee Reservation had not been disestablished.[4]  *See Hogner v. State,* 500 P.3d 629, 635 (Okla. Crim. App. 2021) ("We also find the District Court appropriately applied *McGirt* to determine that Congress did establish a Cherokee Reservation and that no evidence was presented showing that Congress explicitly erased or disestablished the boundaries of the Cherokee Reservation[.]").  The fact that the Cherokee Nation Reservation has not been disestablished, however, was discoverable through the exercise of due diligence before *McGirt* and before the OCCA analyzed the issue.  *See Ford v. Dowling*, No. 22-6138, 2023 WL 2641476, at *3 (10th Cir.

---

[4] "[T]he Creek Nation shares its relevant history in Oklahoma with 'the other Indian nations that composed the "Five Civilized Tribes" – the Cherokees, Chickasaws, Choctaws, and Seminoles[.]'" *Pacheco v. Habti,* 62 F.4th 1233, 1238 (10th Cir. 2023) (quoting *McGirt*, 491 U.S. 939 (Roberts, C.J., dissenting)).

4

Mar. 27, 2023) (unpublished) ("[Section] 2244(d)(1)(D) is inapplicable because nothing in *McGirt* can be said to reveal a new factual predicate for [the petitioner's] claim.");[5] *Stiltner v. Nunn*, No. 21-CV-0374-GKF-CDL, 2022 WL 951997, at *5 (N.D. Okla. Mar. 29, 2022) ("[A] reasonably diligent petitioner could have discovered the facts necessary to challenge Oklahoma's criminal jurisdiction before *McGirt* was decided in 2020."); *Evitt v. Harpe,* No. 23-7056, 2023 WL 8271984, at *3 (10th Cir. Nov. 30, 2023) (unpublished). Accordingly, § 2244(d)(1)(D) does not afford Petitioner a later initiation date of the one-year limitations period.

Similarly, Petitioner did not allege any facts triggering 28 U.S.C. § 2244(d)(1)(B) or (C). *See Hairrell v. Crow,* No. 21-CV-331-RAW, 2022 WL 4102061, *5 (E.D. Okla. Sep. 7, 2022) ("the *McGirt* decision did not provide a new start date under Section 2244(d)(1)(B)"); *Pacheco v. El Habti*, 62 F.4th 1233, 1246 (10th Cir. 2023) ("*McGirt* announced no new constitutional right" for purposes of § 2244(d)(1)(C)). Thus, the only applicable triggering date is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). Petitioner was afforded ten (10) days from June 1, 2001, the date of his judgment and sentence, to initiate a direct appeal by requesting the withdrawal of his guilty plea. *See* Okla. Crim. App. R. 4.2(A). Petitioner failed to do so, and his judgment became final on June 11, 2001. The one-year limitations period for seeking federal habeas relief began to run the following day, June 12, 2001, and expired one year later, June 12, 2002. Therefore, Section 2244(d)(1)(A) bars Petitioner's federal habeas action absent statutory or equitable tolling or a showing of actual innocence.

---

[5] The court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

B.  Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the limitations period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim."  28 U.S.C. § 2244(d)(2).  This statutory tolling provision, however, does not apply to applications for state postconviction or other collateral review filed beyond the one-year limitations period prescribed by the AEDPA.  *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Anderson v. Cline*, 397 F. App'x 463, 464 (10th Cir. 2010) ("[I]t is long settled that a state court motion for collateral relief cannot restart the clock on a limitations period that has already expired.").

Petitioner filed his first Application for Post-Conviction Relief on June 7, 2021, almost nineteen (19) years after the expiration of his statutory year under the AEDPA.  Dkt. No. 10-18.  Petitioner filed subsequent post-conviction applications seeking a direct appeal out of time on January 10, 2023, and May 1, 2023.  Dkt. Nos. 10-21, 10-23.  Since these post-conviction applications were filed after June 12, 2002, they do not entitle Petitioner to any statutory tolling.

Likewise, Petitioner's motions for a sentence modification filed prior to June 12, 2002, do not render his Petition timely.  Petitioner filed motions for a sentence modification on September 7, 2001 [Dkt. No. 10-5] and May 21, 2002 [Dkt. No. 10-11].  The state court denied each request on October 30, 2001 [Dkt. No. 10-10] and July 24, 2002 [Dkt. No. 10-14].  Assuming without deciding[6] a motion for judicial review under Okla. Stat. tit. 22, § 982a tolls the one-year limitation

---

[6]  The question of whether "a motion for judicial review under § 982a can ever lead to tolling of the statute of limitations under § 2244(d)(2) is an 'unresolved issue in our circuit.'"  *Davis v. Bridges*, No. 22-6107, 2024 WL 140026, at *7 (10th Cir. Jan. 12, 2024) (unpublished) (quoting and citing *Randall v. Allbaugh*, No. 16-5109, 662 F. App'x 571, 573 n.3 (10th Cir. Sept. 27, 2016) (unpublished)).

period found in 28 U.S.C. § 2244(d)(1)(A), the Petition is still out of time. Assuming the September 7, 2001, and May 21, 2002, motions tolled the statute of limitations, they did so only for approximately 117 days. Petitioner waited 6,893 days after the state court's July 24, 2002, Order before seeking further state post-conviction review, and he waited 7,902 days after the state court's July 24, 2002, Order before filing the present Petition. Therefore, even considering any statutory tolling potentially available to Petitioner, the instant Petition is still time barred.

### C. Equitable Tolling

While the one-year statute of limitations may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Moreover, Petitioner's "burden in making this demonstration is a heavy one: [federal courts] will apply equitable tolling only if he is able to show specific facts to support his claim of extraordinary circumstances and due diligence." *Vigil v. Jones*, No. 08-1233, 302 F. App'x 801, 804 (10th Cir. Dec. 11, 2008) (unpublished) (internal quotation marks omitted) (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)). Nothing in Petitioner's submission indicates extraordinary circumstances precluded the timely submission of his action. Thus, equitable tolling is unavailable to salvage the Petition.

### D. Actual Innocence

Lastly, Petitioner argues his Petition is not barred by 28 U.S.C. § 2244(d) because he is asserting "his actual innocence to overcome the AEDPA one-year statute of limitations for filing habeas corpus petition; miscarriage of justice exception survives passage of AEDPA[.]" Dkt. No. 1, at 15-16.

"[A] credible showing of actual innocence" based on newly discovered evidence "may

allow a prisoner to pursue his constitutional claims" as to his conviction, under an exception to 28 U.S.C. § 2244(d)(1)—established for the purpose of preventing a miscarriage of justice. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). Successful actual-innocence claims are rare due to the demanding evidentiary requirements for such claims. *See id.* at 386, 401; *House v. Bell*, 547 U.S. 518, 538 (2006). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House,* 547 U.S. at 536-37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord McQuiggin v. Perkins*, 569 U.S. at 399 (applying the same standard to petitions asserting actual innocence as a gateway to raise habeas claims that are time-barred under § 2244(d)(1)).

Any argument by Petitioner that he is innocent in light of *McGirt* has already been rejected by the Tenth Circuit. *Pacheco,* 62 F.4th at 1241-45 (where petitioner was prosecuted by the State rather than by the federal government or Cherokee Nation, such was insufficient to demonstrate actual innocence). Furthermore, Petitioner pled guilty to shooting with intent to kill, thereby undermining any actual innocence claim. *See* Dkt. No. 10-2; *Johnson v. Medina*, No. 13-1324, 547 F. App'x 880, 885 (10th Cir. Dec. 4, 2013) (unpublished) (finding the petitioner's "plea of guilty simply undermines" his actual innocence claim). Nor has Petitioner presented this court with *any* evidentiary material, let alone material to satisfy the demanding evidentiary requirements of the actual-innocence exception. As a result, the court concludes the actual innocence exception does not apply to Petitioner's Petition.

### III.     Conclusion

Based on the foregoing, the court grants Respondent Randy Harding's Pre-Answer Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred and/or for Failure to Exhaust

8

Necessary State Remedies [Dkt. No. 9]. In addition, the court declines to issue a certificate of appealability because the court finds that no reasonable jurists would debate the dismissal of the petition on statute-of-limitations grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent Randy Harding's Pre-Answer Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred and/or for Failure to Exhaust Necessary State Remedies [Dkt. No. 9] is **GRANTED**;

2. the Petition for Writ of Habeas Corpus [Dkt. No. 1] is **DISMISSED** with prejudice as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations;

3. Petitioner's Amended Motion to Dismiss [Dkt. No. 11] and Motion to Dismiss [Dkt. No. 12] are **DENIED**;

4. a certificate of appealability is **DENIED**; and

5. a separate judgment shall be entered in this matter.

Dated this 15th day of January, 2025.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE